IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **CRISPIN CHAVEZ MARTINEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00654-DB** |
| | § | |
| **MICHAEL WATKINS**, *Warden of Camp* | § | |
| *East Montana*, | § | |
| **Respondent.** | § | |

**<u>ORDER</u>**

On this day, the Court considered the above-captioned case. On March 9, 2026, Petitioner

Crispin Chavez Martinez filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241,"

ECF No. 3. Petitioner is currently detained at the Camp East Montana detention facility in El Paso,

Texas in the Western District of Texas. *Id.* at 1. He argues his detention is unlawful and asks the

Court to order his release or a bond hearing. *Id.* at 7. On March 10, 2026, this Court ordered that

Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer

Petitioner from any facility outside the boundaries of the El Paso Division of the Western District

of Texas, until the Court orders otherwise or this case is closed. ECF No. 5 at 3.

Petitioner is a Mexican national who entered the United States at an unknown date. ECF

No. 8 at 4. Petitioner has been detained by Immigration and Customs Enforcement ("ICE") for

approximately five months and has no criminal record. ECF No. 3 at 2, 6; *see also* ECF No. 8 at 4

(stating Petitioner was served a notice to appear on September 23, 2025). Petitioner asserts, among

other things, that his prolonged detention without a bond hearing violates the Fifth Amendment's

Due Process Clause. ECF No. 3 at 7.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this

Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-

00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention); *Hassen v. Noem*, No. EP-26-CV-00048-DB (W.D. Tex. Feb. 9, 2026) (holding that petitioner, who was re-detained after being released on humanitarian parole, was entitled to an individualized hearing justifying his detention). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 5 at 1–2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.*

Yet, in their response, ECF No. 8, filed on March 13, 2026, Respondents fail to discuss any of the Court's previous procedural due process decisions or offer any meaningful reasons why this case warrants a different outcome. Instead, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 8 *with Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner

is treated as though stopped at the border and entitled to only those rights afforded by statute); *Diaz Yanez v. Noem*, No. EP-26-CV-486 (W.D. Tex. March 4, 2026) (rejecting Respondents' argument that petitioner's procedural due process claim is foreclosed by the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003)). The Court understands it is Respondents right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case. As such, the same result is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED** Petitioner Crispin Chavez Martinez's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 3, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than March 19, 2026.**[1]

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision

---

[1] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. In such event, release from custody is *required*.

held in accordance with the preceding line order, or (2) informing the Court of Petitioner's release **no later than March 24, 2026.**

**IT IS FURTHER ORDERED** that if Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than March 31, 2026.**

**IT IS FINALLY ORDERED** that the District Clerk's Office **SHALL OVERNIGHT MAIL** a copy of this order to Petitioner Crispin Chavez Martinez at ERO Camp East Montana, 6920 Digital Road, El Paso, Texas 79936, or whatever address is on file.

**SIGNED** this **16th** day of **March 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**